Rebecca J. Roe
Kathryn Goater
Schroeter, Goldmark & Bender
810 3rd Ave., Suite 500
Seattle, WA 98104
206-622-8000

Amanda Lee
Law Office of Amanda Lee
810 Third Avenue, Suite 500
Seattle, WA 98104
206.805.0990

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

LACEY CARROLL,

      Plaintiff,

v.

DAVID SETH KOTKIN, AKA
DAVID COPPERFIELD,

      Defendant.

No.: C09-1076JCC

PLAINTIFF'S MOTION TO LIFT STAY ORDER AND TO DIRECT CERTAIN FEDERAL AGENCIES TO RETAIN CUSTODY AND CONTROL OF MATERIALS OBTAINED IN INVESTIGATION

**Noting Date: January 29, 2010**

**ORAL ARGUMENT REQUESTED**

  Plaintiff Lacey Carroll moves for an order lifting the stay of discovery in this matter. An immediate lift of the stay is necessary to allow Plaintiff to obtain certain discovery from the U.S. Attorney for the Western District of Washington and the Department of Justice (FBI). In addition, Plaintiff moves for an order directing the U.S. Attorney and the DOJ to retain possession and control over documents and tangible items seized and collected in connection with the criminal investigation of the Defendant, and to not return these items until the Court so orders. As explained in the memorandum below, Plaintiff is entitled to production for inspection and copying of a variety of materials collected by the government during its investigation. Now that the government has filed notice that the criminal

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 1

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

investigation is closed, Plaintiff requests that these materials remain in the custody of the U.S. Attorney for the Western District of Washington so that it may respond to Plaintiff's discovery request and to subpoenas duces tecum the Plaintiff intends to issue when the stay is lifted. Maintaining these materials here until Plaintiff's discovery requests are met will streamline the discovery process and eliminate the risk that, upon return to the Defendant or third parties, the materials will be removed to diverse locations around the country or to the Defendant's residence in the Bahamas. Allowing the fruits of the investigation be returned prior to Plaintiff having the opportunity to inspect and copy discoverable items will only prolong the duration and increase the expense of the discovery process.

## I. INTRODUCTION

The FBI and the U.S. Attorney for the Western District of Washington have been engaged in a criminal investigation of Defendant David Copperfield for approximately two years. That investigation was formally closed on January 12, 2010 and Plaintiff anticipates that the Defendant and others will seek return of documents and tangible things seized from him during the investigation. *See* Fed. R. Crim. P. 41(g). In order to minimize burdens on the parties and to ensure access to these items in discovery, Plaintiff requests that the Court enter an order that (a) lifts the stay so that the Plaintiff may serve subpoenas duces tecum on the government agencies that currently possess these documents and tangible items, and (b) directs that the government retain possession of these documents and tangible items pending either inspection and copying by the plaintiff or some other action by the Court.

The purpose of this motion is to preserve the status quo with respect to the materials the government has seized in its investigation. Without action by the Court, these materials may be returned to the Defendant and others from whom they were seized or collected. Mr. Copperfield owns a private island residence in the Bahamas, outside the United States. If items that the government has seized from the Defendant are returned to him and he removes them to his island home, these items will be more difficult to gain access to in discovery.

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 2

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Items seized from third parties, such as the MGM Grand Hotel, may, upon return to those parties, be very difficult to identify. The Plaintiff seeks to avoid the risk that any documents or things collected by the government might be lost, inadvertently destroyed, or moved to locations that are expensive and burdensome to access. This is consistent with the mandate of Fed. R. Civ. P. 1, which provides that the Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Directing the federal agencies involved to retain the fruits of their investigation will greatly reduce the expense and time involved in discovery, while imposing no additional burdens on other parties.

## II. BACKGROUND

### A. Factual Background

In August, 2007 plaintiff Lacey Carroll traveled by invitation to a Caribbean island owned and occupied by David Copperfield. During Ms. Carroll's short stay, the Defendant sexually assaulted and raped her. Upon her return to the United States, Ms. Carroll immediately contacted appropriate law enforcement agencies and reported the crime. For approximately the past two years, the FBI and the U.S. Attorney for the Western District of Washington have conducted a criminal investigation of Mr. Copperfield and presented evidence to the Grand Jury. This investigation has concluded and the U.S. Attorney has declined to charge Mr. Copperfield in connection with the sexual assault on Ms. Carroll.[1]

---

[1] The decision whether to prosecute or to decline prosecution for a federal offense is committed to the discretion of the United States Attorney, and as explained in the U.S. Attorney's Manual, there are sound policy reasons to decline prosecution even if there is sufficient admissible evidence to obtain a conviction: "When a person has committed a Federal offense, it is important that the law respond promptly, fairly, and effectively. This does not mean, however, that a criminal prosecution must be initiated. In recognition of the fact that resort to the criminal process is not necessarily the only appropriate response to serious forms of antisocial activity, Congress and state legislatures have provided civil and administrative remedies for many types of conduct that may also be subject to criminal sanction." *U.S. Dep't of Justice, U.S. Attorneys' Manual* § 9-27.250(B) (1997).

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 3

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

During the course of the criminal investigation, the U.S. Attorney's Office and the FBI collected and seized evidence from various locations and entities. For example, on October 17, 2007, FBI agents executed search warrants at Mr. Copperfield's Las Vegas residence and a warehouse he owns, and also at the Hollywood Theatre at the MGM Grand Hotel in Las Vegas. *See Declaration of Angelo Calfo in Support of Motion for Temporary Stay*, Dkt. No. 12-2, ¶ 3 (Oct. 5, 2009). The agents seized thousands of documents, computers, and other evidence. *Id.; see also Affidavit of Michael Lang*, Dkt. No. 12-3 ¶ 3 (October 5, 2009). The government also interviewed witnesses and collected documents via subpoena. *Affidavit of Michael Lang*, ¶ 3. The investigation began in the summer of 2007, and according to Mr. Lang, the FBI was still busy reviewing the seized evidence in December, 2008, when he prepared his declaration. *Id.*, ¶ 4. The items seized and otherwise gathered by the FBI were collected solely in connection with the investigation of Ms. Carroll's sexual assault complaint, and are directly relevant to the allegations of this lawsuit.

**B. Procedural History**

Plaintiff's complaint was filed on July 29, 2009. On August 6, 2009, the Court issued an Order Regarding Discovery and Depositions. Dkt. No. 3. Following a stipulation of the parties, the Court issued an Order extending the time for Defendant to answer the complaint. Dkt. Nos. 9 & 11. Defendant also filed a motion to stay discovery, which Plaintiff did not oppose. The Court entered an order imposing a stay and setting a status conference on March 23, 2010. *Stay Order* (Oct. 23, 2009). On Tuesday, January 12, the U.S. Attorney announced that the investigation has been closed and no longer supports a stay. *Notice of Conclusion Relating to Civil Case*, Dkt. 22 (Jan. 12, 2010).

**III. THE STAY SHOULD BE LIFTED**

Plaintiff moves to lift the stay in this matter immediately so that she may seek certain discovery from the U.S. Attorney and FBI. Copies of the Plaintiff's discovery request is

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 4

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

attached as Exhibits A to the accompanying *Declaration of Amanda Lee*. Plaintiff neither requests nor anticipates *production* of the material sought until the Court lifts the stay of discovery and, if necessary, rules on any motions related to the discovery requests. The purpose for an immediate lift of the stay is to preserve plaintiff's *ability* to obtain access to materials in the government's possession and to protect the Court's ability to review the materials *in camera* if necessary or to rule on motions, if any are filed, objecting to disclosure of the materials..

In the absence of a release from the stay to serve these requests, there is a risk that the government will return these items to the Defendant and third parties, and that they will be damaged, lost, inadvertently destroyed, or removed to a location that makes production more difficult to obtain. Fed. R. Crim. P. 41(g) provides that a person "aggrieved ... by the deprivation of property" may seek its return. Once the government has declined to file criminal charges, a Defendant may seek return of property seized in the investigation, and, with several exceptions, the Defendant is entitled to return of the property. The same is true for third parties from whom property was seized. A motion for return of property is filed and heard in the district in which the property was seized – in this case, the District of Nevada.

Although Mr. Copperfield and third parties may ultimately be entitled to the return of property that was seized, it is critical that the Court presently preserve its ability to exercise its authority over discovery matters, and to ensure that discovery proceeds in a manner consistent with the overarching requirements that discovery be speedy and inexpensive. That authority may be limited, compromised, or lost entirely if property is returned to the Defendant and then removed to his private Caribbean island home, or returned to third parties. Even the reintegration of documents into a large hotel's databases may render discovery much more expensive and less effective. To avoid these risks, we request, as detailed below, an order directing the U.S. Attorney and the DOJ to maintain custody of the grand jury materials, including property seized from the Defendant. To secure Plaintiff's

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 5

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

ability to access these materials in discovery, the Court should issue an order lifting the of stay of discovery so that the Plaintiff may serve appropriate subpoenas on the federal agencies in possession of the property.

## IV. THE GOVERNMENT SHOULD BE ORDERED TO RETAIN SEIZED PROPERTY

After the stay has been lifted in this matter, Plaintiff intends to serve subpoenas duces tecum on the U.S. Attorney for the Western District of Washington and on the DOJ, as the agency in control of material in the possession of the FBI. As explained below, an order from the Court directing the federal agencies to maintain possession of the materials is appropriate. The materials are, in all likelihood, non-privileged and discoverable. Obtaining access to them while they are here in the Western District will keep the expense of discovery down and streamline the process. To the extent any party with an interest in the seized items has an objection to discovery, the Court may rule on motions for appropriate protective orders.

### A. Court's Authority to Order Production

The DOJ and U.S. Attorney are properly subject to requests for production and subpoenas duces tecum directed at material gathered in the course of their investigatory work. Behind every discovery request in a civil action lies the fundamental principle that "the public ... has a right to every man's evidence." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (quoting *United States v. Bryan*, 339 U.S. 323, 331 (1950) & Wigmore, Evidence § 2192 (3d. ed.)). Federal agencies, acting pursuant to 5 U.S.C. § 301 (the "housekeeping" statute), routinely issue regulations delineating procedures to which they adhere when responding to discovery requests and demands. The Department of Justice's housekeeping regulations are codified at Title 28, Part 16 of the Code of Federal Regulations. *See* 28 C.F.R. §§ 16.21-16.28. Section 16.21 provides that the regulations are

> to be followed with respect to the production or disclosure of any material contained in the files of the Department ... in all federal and state proceedings in which the

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 6

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

> United States is not a party, ... when a subpoena, order, or other demand (hereinafter collectively referred to as a "demand") of a court or other authority is issued for such material or information.

28 C.F. R. § 16.21(a). The regulations further provide that in a federal case in which the United States is not a party, employees of the Department are prohibited from producing or disclosing material acquired as part of their job performance without prior approval of the appropriate Department official in accordance with the regulations. 28 C.F.R § 16.22(a). Further sections of Title 18, Part 16 set forth procedures and criteria to be applied by the responsible agency official in determining whether to provide the material requested.

A request for production made by a party in a case in which the U.S. is not a party is generally referred to as a *"Touhy"* request, based on the Supreme Court decision in *United States v. Touhy*, 340 U.S. 462 (1951). There, the Supreme Court held that an FBI agent may not be held in contempt for refusing to respond to a subpoena duces tecum for documents sought by an inmate in connection with a habeas corpus proceeding. *Id.* at 463-64. *Touhy* upheld the validity of housekeeping regulations enacted by federal agencies insofar as they centralize the agency's process for determining whether to comply with, or resist, a subpoena. *Id.* at 468. The *Touhy* Court did not, however, reach the issue of an agency head's power to refuse to produce documents or testimony pursuant to a valid request or subpoena. *Id.* at 467 ("We find it unnecessary, however, to consider the ultimate reach of the authority of the Attorney General to refuse to produce at a court's order the government papers in his possession ..."). Thus, *Touhy* recognizes that agencies may regulate their officers and employees, but it does hold that agency regulations create any privilege to avoid disclosure pursuant to a valid request or subpoena.

Following *Touhy*, both the housekeeping statute and the DOJ regulations were amended to indicate expressly that neither § 301 nor regulations promulgated pursuant to § 301 authorize withholding information from the public or limiting its availability. The DOJ regulations now provide that

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 7

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

[t]his subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

28 C.F.R § 16.21(d).

The issue left unresolved in *Touhy* was reached by the Ninth Circuit in *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774 (9th Cir. 1994). There, the Ninth Circuit held that the housekeeping statute "does not, by its own force, authorize federal agency heads to withhold evidence sought under a valid federal court subpoena." *Exxon*, 34 F.3d at 777. *See also*, *Watts v. Securities and Exchange Comm'n*, 482 F.3d 501, 509 (D.C. Cir. 2007) (noting that while "an agency regulation may provide the method by which an agency head will comply with or oppose a subpoena, the legal basis for any opposition to the subpoena must derive from an independent source of law such as a governmental privilege or the rules of evidence or procedure" (quoting 9 James Wm. Moore et al., Moore's Federal Practice & Procedure § 45.05[1][b] (3d ed. 2006))). The *Exxon* case involved attempts by Exxon Shipping Co. in the *Valdez* litigation to obtain discovery from several federal agencies. The court explained that neither the text of the statute, it history, nor any Supreme Court case supported the proposition that agency heads could withhold documents or testimony from federal courts. *Id.* at 778. Further, the court rejected the argument that the government's decisions whether to produce or not were protected by sovereign immunity. Rather, the court said, "judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." *Id.* (quoting *United States v. Reynolds,* 345 U.S. 1, 9-10 (1953)). The court concluded that federal courts could, by applying the Rules of Civil Procedure, adequately protect the government's interests in conserving its resources in cases in which it is not a party. *Id.* at 779.

As recognized in *Exxon*, to obtain access to documents held by a government agency, a party may proceed by Rule 45 subpoena or by a *Touhy* request, or both. In either case, the

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 8

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

government analyzes the request pursuant to its regulations. If the agency's decision is adverse to the party seeking production, that party may bring the matter to the court by a motion pursuant to Rule 26. *Exxon*, 34 F.3d 780 and n.11 (explaining that recourse to an action under the Administrative Procedures Act, the preferred approach in some circuits, is "costly, time-consuming, inconvenient to litigants, and may effectively eviscerate any right to the requested testimony" (internal quotations and citations omitted)). As explained by the *Exxon* court,

> district courts should apply the federal rules of discovery when deciding on discovery requests made against government agencies, whether or not the United States is a party to the underlying action. Under the balancing test authorized by the rules, courts can ensure that the unique interests of the government are adequately considered.

*Id.* at 780.

Plaintiff in this matter has prepared and submitted appropriate *Touhy* requests to the U.S. Attorney and Department of Justice and has endeavored to comply with DOJ's procedural regulations. *See Declaration of Amanda Lee* and attached exhibit. In the event the agencies object to any portion of our requests, it is this Court which should analyze the issues of relevance and privilege.

**B. Plaintiff's Right to Discovery of Grand Jury Materials**

While it is premature to assert that Plaintiff's *Touhy* requests and subpoenas duces tecum will not encompass any privileged or secret matters, it should be clear that there is no general rule of secrecy that limits or prohibits disclosure of the materials Plaintiff seeks. The Grand Jury secrecy rule, Fed. R. Crim. P. 6(e)(2), prohibits disclosure of "a matter occurring before the grand jury." As explained by the D.C. Circuit in *Securities and Exchange Comm'n v. Dresser Industries*, 628 F.2d 1368 (D.C. Cir. 1980), the Rule "serves to protect the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like." *SEC v.*

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 9

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

*Dresser Industries, Inc.*, 628 F.2d 1368, 1382 (D.C.Cir.) (*en banc*), *cert. denied*, 449 U.S. 993 (1980).

The rationales for the general principle of grand jury secrecy are set forth in *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, (1979):

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witness who may testify before (the) grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil Co,.* 441 U.S. 211, 219 n.10 (1979) (internal citations and quotations omitted). In light of the underlying rationale, courts have held that Rule 6(e) must not be read so literally as to draw "a veil of secrecy ... over all matters occurring in the world that happen to be investigated by a grand jury." *Dresser*, 628 F.2d at 1382. *See also Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987) (holding that "there is no *per se* rule against disclosure of any and all information which has reached the grand jury chambers. ... [T]he touchstone is whether disclosure would tend to reveal some secret aspect of the grand jury's investigation[,] such matters as the identities of witnesses or jurors, the substance of testimony, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like. The disclosure of information coincidentally before the grand jury [which can] be revealed in such a manner that its revelation would not elucidate the inner workings of the grand jury is not prohibited.") (internal citations, quotations and footnotes omitted)).

There is no principled reason to presume that Plaintiff's *Touhy* requests and subpoenas will encompass material that would disclose the inner workings of the grand jury or its deliberations. Plaintiff's *Touhy* request and subpoena are not limited to documents or

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION - 10

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

things that were actually shown to the grand jury; rather, Plaintiff requests access to any documents and tangible items that are relevant to the issues in her complaint, regardless of whether these items were presented to the grand jury. As such, a response to the requests need not reveal whether a document or item was ever even presented to the Grand Jury. Nor do the requests seek production of any materials related to the grand jury's deliberations or inner workings. Therefore, the material is likely discoverable.

### C. Potential for Loss, Damage, Destruction, or Removal of Materials

As noted above, in light of the government's announcement that it has closed its investigation, the Defendant and others may move, pursuant to Fed. R. Crim. P. 41(g), for return of property seized during the search. With respect to Mr. Copperfield in particular, there is cause for concern that if documents and tangible things are returned, they could be relocated to his private island residence in the Bahamas. While this does not prevent discovery of documents and tangible things necessarily, it could certainly add to the cost and logistical difficulty of obtaining production. The Defendant or third parties, such as the MGM Grand Hotel, might reintegrate electronic and paper documents into files and databases from which they were removed, and discovery of those materials could be very expensive and time-consuming. More worrisome, a party who regains custody of materials that were seized in 2007 may inappropriately damage or destroy materials that Plaintiff intends to seek in production.

Rule 1 imposes an affirmative duty on the district courts to "exercise the authority conferred by these rules to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed. R. Civ. P. 1, Advisory Committee Notes, 1993 Amendment. The relief requested by the Plaintiff fundamentally serves these interests. The Defendant or third parties may have objections to the disclosure of certain documents or things. Those can readily be resolved by this Court on appropriate motions for protective orders. Leaving the materials where they are at present, however, will streamline the process

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 11

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

of obtaining discovery and resolving objections to disclosure. The burden and expense on all parties will be reduced.

## V. CONCLUSION

For all of the above reasons, Plaintiff's motion for an order (a) lifting the stay of discovery, and (b) directing the U.S. Attorney for the Western District of Washington and DOJ to retain custody of materials seized and collected in the investigation of the Defendant should be granted. A proposed order is included with this motion.

RESPECTFULLY SUBMITTED this 13th day of January, 2010.

SCHROETER, GOLDMARK & BENDER

s/Rebecca J. Roe
REBECCA ROE, WSBA #7560
KATHRYN GOATER, WSBA #9680
Counsel for Plaintiff
Schroeter, Goldmark & Bender
810 3rd Ave., Suite 500
Seattle, WA 98104
Phone: 206-622-8000
Fax: 206-682-2305
Email: roe@sgb-law.com
goater@sgb-law.com


LAW OFFICE OF AMANDA LEE

s/Amanda Lee
AMANDA LEE, WSBA #19970
Counsel for Plaintiff
Law Office of Amanda Lee
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 805-0990
Fax: (206) 682-2305
E-mail: amanda@amandaleelaw.com

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 12

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on January 131, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

ANGELO J. CALFO
Yarmuth Wilsdon Calfo PLLC
818 Stewart St., 14th Fl.
Seattle, WA 98101
Tel: 206.516.3872
Fax: 201.516.3888
acalfo@yarmuth.com
Attorneys for Defendant

*s/Darla Moran*
Darla Moran
Legal Assistant

PLAINTIFF'S MOTION TO LIFT STAY ORDER
AND TO DIRECT CERTAIN FEDERAL AGENCIES
TO RETAIN CUSTODY AND CONTROL OF
MATERIALS OBTAINED IN INVESTIGATION – 13

SCHROETER GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305